# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | | |
|---|---|---|
| BILLY B. LAUN, II, D.D.S., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| | ) | 1:18-CV-00033-JRH-BKE |
| | ) | |
| BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY SYSTEM OF | ) | |
| GEORGIA d/b/a AUGUSTA | ) | |
| UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO ENFORCE SETTLEMENT AGREEMENT AND RELEASE

COMES NOW, the Board of Regents of the University System of Georgia ("BOR"), Defendant in the above-styled matter, and hereby files this Reply in Support of its Motion to Enforce the Settlement Agreement and Release by and between Plaintiff Billy B. Laun, II, D.D.S., ("Laun") and Defendant BOR.

The parties agree that a settlement has been reached in this case and should be enforced. (Plaintiff's Response to Defendant's Motion to Enforce Settlement Agreement, "Pl. Resp.", p. 1). Settlements "are highly favored under the law and will be upheld whenever possible as a means of resolving uncertainties and preventing lawsuits." *See Triple Eagle Assocs. v. PBK, Inc.,* 307 Ga. App. 17, 20 (Nov. 23, 2010). Laun denies a meeting of the minds on the following terms only:

1

(1) the extent of the release of claims to include the agents and/or officials and employees, administrators, or former officials and employees of the BOR; and (2) whether he agreed to indemnify the Department of Administrative Services. (Pl. Resp., pp. 2-5). Yet, Laun agreed to the spirit of these terms in the Settlement Memorandum, a document in which both parties contemplated the terms would be memorialized in formal, more detailed settlement documents. *See* Exh. 1 to Stoff Aff. His attempts to create an ambiguity as to these terms should be disregarded.

     First, Laun's agreement to release all claims he may have had against BOR should be enforced as a release of all of the agents and/or officials and employees, administrators, or former officials and employees. In his response, Laun admits that he no longer has viable claims against the current and former BOR's agents, officials, administrators and employees of BOR. (Pl. Resp., pp. 4-5). Therefore, his only motivation in refusing to release these agents must be that he intends to file additional lawsuits against them in the future arising out of his employment relationship with BOR.[1] While BOR and its agents would expect to ultimately prevail, they still must endure the time and expense of defending these non-meritorious claims. This time and money is precisely the peace of mind BOR

---

[1] The Settlement Agreement and Release only covers the release of claims against current and former employees, officials and administrators in their capacity as agents of BOR and, therefore, claims arising out of his employment relationship with BOR up to the date of the mediation.

bargained for in negotiating payment of the lump sum Settlement Amount. Notably, Laun acknowledges that BOR can only act through its agents in his own agreement by listing out what agents he would like instructed on the agreement not to make disparaging agreements about him. *See* Pl. Resp., p. 2.  This acknowledgment represents the parties' meeting of the minds that the spirit of the agreement between Laun and BOR includes BOR's agents.

Second, Laun's agreement to indemnify against any failure on his part to pay taxes on the Settlement Amount is unambiguous and should be enforced. Paragraph 2 of the Settlement Memorandum states "Laun will execute a Final Settlement Agreement incorporating the terms set forth in this Settlement Memorandum and also including the following provisions:…a tax indemnity from Laun to BOR with respect to any taxes due on the **Settlement Amount**."  Exh. 1 to Stoff Aff (emphasis added).  The Department of Administrative Services is BOR's insurer and will be paying the Settlement Amount on its behalf, as is customary in an insured/insurer relationship.  This essential term is not subject to any other interpretation besides Laun's agreement to indemnify against any tax liability actions based upon the Settlement Amount, regardless of who issues the check on BOR's behalf.  An ambiguity should not be found "even though [the contractual term is] difficult to construe, unless and until an application of pertinent rules of interpretation leaves it uncertain as to which of two or more possible meanings

represents the true intention of the parties." *Triple Eagle Assocs. v. PBK, Inc.*, 307 Ga. App. at 24. Applying the rules of contract interpretation, "[t]he construction of a particular phrase that will uphold a contract in its entirety is preferred." *Id.* Here, the agreement to indemnify BOR and the Department of Administrative Services should be enforced as a "mutually agreed" upon term. *See Barnes v. Martin-Price*, 353 Ga App 621, 624 (Feb 13 2020).

Laun and BOR, with advising counsel, reached a binding and enforceable settlement agreement on February 10, 2020. The Court should now enforce the settlement agreement that most accurately reflects the bargained for exchange reached on February 10, 2020—the Settlement Agreement and General Release of Claims attached as Exh. 2 to Stoff Aff.[2]

Respectfully submitted this 6th day of November, 2020.

|  |  |
|---|---|
| CHRISTOPHER M. CARR | 112505 |
| Attorney General | |
| | |
| BRYAN K. WEBB | 743580 |
| Deputy Attorney General | |

---

[2] BOR also notes that Laun's proposed agreement attached as Exh. 1 to Pl. Resp. misstates the mutual non-disparagement agreement reached by the parties. In paragraph 7, "Laun agrees not to make any libelous or slanderous statements about BOR" while, in paragraph 8, holds BOR and its agents to the more nebulous promise "not to make any disparaging statements about Laun." BOR submits that its agreement more accurately reflects the mutual non-disparagement agreement by confining both parties from making "libelous or slanderous statements." Exh. 2 to Stoff Aff.

        *s/Katherine P. Stoff*
        KATHERINE P. STOFF   536807
        Senior Assistant Attorney General

        MARY CATHERINE GREABER   441858
        Assistant Attorney General
        Counsel for Defendant

Please serve:

Katherine P. Stoff
Assistant Attorney General
Georgia Department of Law
40 Capital Square, S.W.
Atlanta, Georgia 30334-1300
Telephone: (404) 458-3491
Fax: (404) 657-9932
Email: kstoff@law.ga.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 6th day of November, 2020, I electronically filed the foregoing **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO ENFORCE SETTLEMENT AGREEMENT** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record, including:

>Regan Keebaugh
>regan@decaturlegal.com
>
>James Radford
>james@decaturlegal.com
>
>
>s/*Katherine P. Stoff*
>Katherine P. Stoff
>Senior Assistant Attorney General
>Counsel for Defendant